[Luke v. State.]

# Luke et al v. The State.

### Indictment for Arson.

1. *Arson; what constitutes.* — If a prisoner sets fire to the jail in which he is confined, with the intention of burning a hole through which he may escape, and without any intention of consuming the building, he is guilty of arson under the statute. Rev. Code, § 3698.

2. *Aiding felon to escape from jail.* — Where two persons confined in jail under charges of felony, acting in concert, set fire to the jail for the purpose of burning a hole through which they may escape, each intending to effect his own escape, each is guilty of a felony (Rev. Code, § 3573), in assisting the other to escape.

3. *Oath of petit jurors.* — The oath prescribed in section 4092 of the Revised Code is the proper oath to be administered to the petit jurors in criminal cases.

4. *Arson; admissibility of indictments as evidence.* — The indictments under which the prisoners were confined in jail when they set fire to it are the best evidence of the causes for which they were imprisoned, and are relevant evidence of the intent with which they set fire to the jail, on the trial of an indictment against them for that offence.

FROM the Circuit Court of Wilcox.

Tried before the Hon. P. O. HARPER.

The defendants in this case, Si Luke, *alias* Si Johnson, Joe Nettles, and Neil Shanks, were jointly indicted for setting fire to the county jail of Wilcox; were convicted, and sentenced each to confinement in the penitentiary for two years. "When the parties had announced themselves ready," as the bill of exceptions states, "and the jury had been selected, the court ordered the following oath to be administered to them : ' You do solemly swear, that you will well and truly try all issues, and execute all writs of inquiry, which may be submitted to you during the present week, and true verdicts render according to the evidence, so help you God ; ' to which the defendants objected, and asked the court to administer to them the following oath : ' You, and each of you, do solemnly swear, that you will well and truly try the issue joined between the State of Alabama and the defendants at the bar, and a true verdict render according to the evidence ; ' which the court refused, and thereupon the defendants excepted."

" The State introduced evidence on the trial tending to show that, some time in December, 1871, the defendants put fire to the floor of the jail of Wilcox County, for the purpose of burning a hole through which to make their escape ; that the floor only burned down to about six inches, but not through the floor, when some one in the jail gave the alarm of fire, and the jailer and other persons came in and put out the fire. The defendants introduced evidence which showed that the sole purpose they had in view was to burn a hole in said jail to get out; that they used every exertion to prevent the fire from spreading ; that they wet the floor around the spot where the fire

was burning, so as to prevent the house from burning up, and that they saved several buckets of water for that purpose. The State introduced as evidence two indictments " (one against the defendant Nettles, for rape ; and the other against the defendant Luke, for an assault with intent to murder), " for the purpose of showing that said defendants, Nettles and Luke, were confined in the jail in question under charges of felony at the time of said burning, and that the defendants aided and assisted each other to escape from said jail by said burning, while said two defendants were confined therein under the said indictments. The State proved also, by the deputy sheriff, that said two defendants were confined in said jail at the time of said burning, under the charges contained in said indictments. The defendants objected to the introduction of said indictments, on the ground that it was illegal evidence ; but the court overruled their objection, and they excepted. The State introduced said indictments after the argument commenced, and before the jury retired ; to which the defendants objected, and excepted to the overruling of their objection.

" This was all the evidence in the case, and the court thereupon charged the jury, at the request of the solicitor, ' that if they believed, from the evidence, that the defendants burned the jail in question, though only with the intent to escape, and not with the intent to burn down said jail ; and that the said burning was done while aiding each other to escape from jail ; and that one or more of said defendants were confined in said jail under a charge of felony, then the defendants are guilty as charged in the indictment.' The court charged the jury, also, that if they believed, from the evidence, that the defendants burned a hole in the floor of the jail, for the purpose of escaping, but did not intend to burn up the entire building, that, of itelf, would not be arson ; but if they found that said defendants were mutually assisting each other to escape from jail, and that two of them were confined in the jail on a charge of felony, then the burning of the hole in the floor by them would make it arson ; for, by assisting those who were confined in jail on a charge of felony, he or they who thus assisted would be guilty of felony ; and therefore, if they burned the hole in the floor in the perpetration of a felony, that would make the burning of the floor for the purpose of escaping a felony, the felonious intent being transferred.

" The defendants excepted to each of these charges, and requested the court to instruct the jury : ' 1st, that if they found, from the evidence, that the defendants, when they set fire to the jail, only intended to burn a hole to get out of jail, they must acquit the defendants ; and, 2d, that if they found, from the evidence, that the defendants did not intend to aid each

[Luke v. State.]

other, but burned the hole for each to escape without aid from the others, they cannot be convicted as charged in the indictment.' The court refused these charges, and the defendants excepted to their refusal."

J. McCaskill, for the prisoners, cited *The State* v. *Mitchell*, 5 Ired. 350 ; and *People* v. *Catteral*, 18 Johns. 115.

Ben. Gardner, Attorney General, *contra.*

B. F. SAFFOLD, J. — The appeal is from a conviction of arson, in setting fire to or burning the jail of Wilcox County. The appellant was confined in jail under a charge of assault with intent to murder, together with Nettles, who was under indictment for rape. The two attempted in concert to break prison, by burning a hole through the floor of their apartment. They had burned the floor about six inches deep, but not entirely through, when they were detected by the jailer and others, who extinguished the fire. While committing the burning, they controlled the fire with water saved from their allowance. The questions involved in the charges given and refused are : Whether the burning for the purpose of escape, and without the intention of consuming the building, would constitute arson ; and whether, both being prisoners, and each endeavoring to escape, they can be said to have assisted each other to escape, which is made a felony by R. C. § 3573.

The indictment was maintained under R. C. § 3698, which declares that " any person who wilfully sets fire to, or burns, any church, meeting-house, court-house, town-house, college, academy, jail, or other building erected for public use," is guilty of arson in the second degree. The setting fire to, or burning, was sufficiently done. Any destruction of the material of the house, no matter how slight, is a burning within the prohibition. *Graham* v. *The State*, 40 Ala. 659. Was it done *wilfully ?*. This term means less than maliciously, and more than intentionally or designedly. It means unlawfully, and to some extent wickedly. A setting fire to a house for any unlawful purpose cannot be innocent, though the purpose is not accomplished. If a person from the outside should set fire to a house, with the intention of burning a hole through which he might enter and steal, he would not be guilty of burglary, unless he succeeded in making the hole and entering. Unless he would be guilty of arson, this dangerous crime could scarcely ever be proved, because the perpetrator would truly have some other purpose to be accomplished by the burning.

Breaking jail, by the common law, is a felony, or a misdemeanor, according as the cause of the imprisonment belongs to

the one grade or the other. 2 Bish. Crim. Law, § 1031. We have no statute declaring and punishing the offence of breaking jail by one charged with felony, but not convicted. As a misdemeanor, which it includes, it is punishable under R. C. § 3754, recognizing and providing the punishment of all misdemeanors at common law not enumerated in the Penal Code. Imprisonment for crime gives no immunity to the prisoner to commit crime. He remains subject to all of the restraints imposed on other persons. The least privilege of escape conceded to a prisoner would carry with it the right to use any means he could command. It is a misdemeanor if, without any obstruction, he merely walk away. 2 Bish. Crim. Law, § 1063. The causeless setting fire to a house, by a person of responsible mind, is arson, because the necessary intention is presumed from the act. The same act, done with the intention of committing a crime, whether felony or misdemeanor, must also be held to be arson, because the very recklessness of the deed supplies the wilful intention.

2. The case is aggravated, so far as the intention is concerned, if the defendant and Nettles can be said to have assisted each other, for then they were in the commission of a felony. R. C. § 3573. Is it possible to separate the idea of assistance from the single design of each to effect his escape? If so, any combination of prisoners to effect their escape, no matter how formidable, or how destructive in its results, is no more criminal than the single effort of one who could, perhaps, have accomplished no mischief. In *The People* v. *Rose* (12 Johns. R. 339), the defendant attempted to escape by breaking the prison, in consequence of which a fellow-prisoner, confined for felony, was enabled to escape. The court said the case was clearly within the mischief which the statute was made to prevent. The indictment was for aiding a prisoner confined for felony to escape.

The two authorities cited by the appellant, *State* v. *Mitchell* (5 Iredell, 350), and *People* v. *Catteral* (18 Johns. 115), assert the doctrine, that if a prisoner in a jail set fire to' it with the design of merely breaking a hole through to effect his escape, and not of burning it down for that purpose, it is not arson. Bishop dissents from such a proposition, holding it not necessary that the intent should be to commit a felony. 2 Bish. Crim. Law, § 41.

All of the authorities agree, that where the firing is done with the intention of committing any felony, it is arson. Our Penal Code very properly omits to graduate the offence of breaking jail by the character of the offence for which the accused is imprisoned, because the mischief is the same no matter by whom committed. The guilt or innocence of this defendant

[Caldwell v. State.]

is not dependent upon whether he was in the commission of a different felony or not. He intentionally and designedly set fire to the jail, in order to accomplish an unlawful purpose, and consequently the burning was wilfully done. It would not be safe to graduate his offence by the extent of the burning he intended to do, because, as far as intention constitutes the crime, the criminality is the same whether the house is burned slightly or consumed. The lives and property of other persons cannot be made dependent upon his supposition of how much burning he can do without consuming the house.

3. The court administered to the jury the proper oath. R. C. § 4092.

4. The indictments introduced were the best evidence of the causes for which the accused were imprisoned. They were also relevant in proof of the corrupt intention with which the burning was done.

The judgment is affirmed.

