## HILLIAN v. STATE.

1. ACCOMPLICE: *In rescue of prisoner: Evidence.*

*Section* 1768, *Mansf. Dig.*, provides for the punishment of one who by force or menaces
of bodily harm, or by other unlawful means, shall set at liberty a person in custody
after lawful arrest for a felony; and *Section* 1508, (*Id*), declares that "all persons be-
ing present, aiding or abetting, or ready and consenting to aid and abet in any felony,
shall be deemed principal offenders and indicted and punished as such." *Held:*
That under these sections, a prisoner in a county jail who aided the defendants in the
rescue of other prisoners who were confined there on the charge of burglary, was an
accomplice in such rescue although he escaped himself at the same time through an
opening made by the defendants with his assistance; and under *section* 2259, *Mansf.
Dig.*, a conviction of the defendants for rescuing said prisoners cannot be had on his
testimony unless corroborated by other evidence tending to connect them with the
commission of the offence.

2. RESCUE OF PRISONER: "*Custody.*"

A person confined in jail, is in "custody" within the meaning of *sec.* 1768 *Mansf. Dig.*,
which provides for the punishment of any person "who shall by force or menaces of
bodily harm, or by o her unlawful means, set any one at liberty who is in custody,
after a lawful arrest, either before or after conviction for a felony."

APPEAL from *Logan* Circuit Court.
J. F. READ, Special Judge.

The appellants *pro sese.*

I. *Sec.* 1768, *Mansf. Dig.* does not cover the case of a
rescue from a jail or prison, but applies only to the rescue of
prisoners by force or personal violence. *Secs.* 1771, 1773 *Ib.*
If guilty at all, appellants could only be punished under the
latter sections, as they did no more than aid and assist the
prisoners to escape.

II. Stephens was an accomplice, and appellants could not be convicted upon his uncorroborated testimony. The court erred in refusing to so charge the jury. *Mansf. Dig.*, sec. 2259 ; 45 A*rk.*, 539 ; 36 *Id.*, 117 ; 43 *Id.*, 367 ; 25 *Id.*, 92.

III. Review the evidence and instructions and contend that the latter are erroneous, and that the verdict is not sustained by the evidence.

*Dan W. Jones*, Attorney Genenal, for appellee.

1. The court properly refused the instruction as to Stephens being an accomplice. Whether he was an accomplice or not was a question for the jury to determine, and the instruction would have been misleading, as an assumption that the witness was an accomplice. *See* 43 A*rk.*, 371 ; 11 *Gray*, 85 ; 116 *Mass.*, 343 ; 45 *Ark.*, 539.

2. Appellants were clearly liable to punishment under *sec.* 1768, *Mansf. Dig.* By *sec.* 1508, all accomplices are to be indicted and punished as principals. *Sec.* 1771, was taken from the act of October, 1837, passed before our penitentiary was established. It is modified by act December 17, 1838, modifying the penal code to the penitentiary system.

COCKRILL, C. J. The appellants were indicted for the rescue of Harvey Hillian and Eli Voncannon, who were prisoners lawfully confined in the Logan county jail on the charge of burglary. They were convicted mainly on the evidence of the witness Stephens, who was a prisoner confined with the parties named at the time of the rescue. It was not supposed that the original object of the rescuers was to release him, but he was liberated along with the others. The three prisoners first undertook to make their escape through the ceiling of the room in which they were confined

by tearing down a brick flue, but the hole made for its accommodation in the ceiling was obstructed by the masonry above and their exit was prevented. Stephens aided in this work, which was done several days prior to the rescue and apparently without the knowledge of the rescuers. According to Stephens' account of the subsequent occurrences, he was awakened the second night after the flue was torn down by a noise in the room, and upon arising discovered his two fellow prisoners holding a bed-quilt under the hole in the ceiling to prevent a noise being made by the falling of bricks and morter from above where persons were at work to remove the obstruction to their release.

It became necessary to enlarge the opening to enable the prisoners to escape. The rescuers used a light to work by, and passed it down through the opening to the prisoners, who held it overhead to aid in the work above. Stephens took his turn at holding the light. When everything was ready for the escape, Stephens stood in the stead of a ladder, the others mounted upon his shoulders and by the aid of their friends above made their exit, after which Stephens was helped out. The latter, after a promise of immunity, or leniency in the prosecution of the offence for which he was confined, testified as above detailed and identified the appellants as of the party of the rescuers. Therewas no other direct testimony connecting them with the offence. On the trial they requested the court to give the following declaration in charge to the jury: " An accomplice is one who aids, assists or participates in the commission of an unlawful act; and if you find from the testimony that Stephens, the prosecuting witness, took part and aided in the escape of Eli Voncannon and Harvey Hillian on the night of their escape, then he is an accomplice, and before you can convict you must find that the prosecuting witness is corroborated by other testimony as to the connection of the defendant with,

the offence charged." The court refused to so charge and gave no instruction on the subject covered by the request. The defendants excepted and asked a new trial upon this among other grounds.

Our statute provides that a conviction cannot be had in a prosecution for felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offence. *Mansf. Dig., sec.* 2259.

If the evidence tended to show that Stephens was an accomplice, that fact together with the consideration whether his testimony was properly corroborated should have been submitted to the jury. *Polk v. State,* 36 *Ark.,* 117; *Melton v. State,* 43 *Ib.,* 367; *Carroll v. State,* 45 *Ib.,* 539.

The statute creating the offence for which the appellants were prosecuted, was enacted as section ten of the act of December 17, 1838. *Mansf. Dig., sec.* 1768. Immediately following the clause prescribing the punishment for the offence, and as a part of the same section, is this further provision: " All persons being present, aiding or abetting and ready and consenting to aid and abet, in any of the foregoing offences shall be deemed principal offenders and indicted and punished as such." See M*ansf. Dig., sec.* 1508.

1. ACCOMPLICE: In rescue of prisoner. I. Could Stephens have been prosecuted for the crime of rescue under this statute? If so, he was an accomplice. In treating of the crime of rescue, Mr. Bishop says: If the imprisoned person and the rescuer act together, rendering mutual aid, they are principals in one crime. 2 *Bishop Cr Law, sec.* 1087; See 2 *Wharton Cr. Law, sec.* 1677.

In the case of *Ash v. State,* 81 *Ala.,* 76, it was ruled that a prisoner under indictment for a felony, who procured another person to furnish him an instrument to facilitate his escape from jail is not an accomplice in the statutory offence of furnishing a prisoner an instrument with which to effect

Hillian v. State.

his escape, because the statute was designed to punish the individual who aided in the escape of another, not that of himself. Whether a similar construction whould be placed on the statute under consideration when the prisoner aids the rescuers in the effort to compass only his own escape, is not material in this case. Here, according to the testimony, he undertook to aid the rescuers in releasing other prisoners, and if this is true, he thereby brought himself within the letter and spirit of the statute. It has been so ruled in *People v. Rose,* 12 *Johns.,* (*N. Y.,*) 339, and in *Luke v. State,* 49 *Ala.,* 30.

It was the duty of the court, therefore, to instruct the jury substantially as requested. The request for the charge was not technically accurate, in that it confounds the substantive offences of rescue and escape. It was aid to the rescuers and not to the prisoners that would render the witness an accomplice in the offence of rescue. But escape is essential to the consummated offence of rescue, and as the request to instruct when read in the light of the evidence, limited the inquiry as to the assistance rendered by the witness to the prisoners to acts which were in aid of the rescuers, it would not have misled the jury, and should not have been refused for that reason. That reason has not been suggested, in argument, as a ground for sustaining the court's refusal.

II. The appellants argued that Sec. 1768 does not cover the case of a rescue from a jail or other prison, but that it is applicable only to the rescue of prisoners accomplished by personal violence to an officer. The statute, in terms, applies to every one " who shall by force or menaces of bodily harm, or by other unlawful means, set any one at liberty *who is in custody,* after a lawful arrest either before or after conviction for a felony."

One who is in jail is in custody within the meaning of the

2. RESCUE
OF PRIS-
ONER:
Custody.

statute.   If the appellants are guilty as charged, they should be punished as prescribed in the section referred to.

For the error indicated, the judgment is reversed.   The cause will be remanded for a new trial.