ANDERSON v. STATE. (4 Div. 851.)

(Court of Appeals of Alabama. April 8, 1924.)

1. Constitutional law ⟨key⟩67—Courts must take law as they find it.

Courts must take the law as it is imposed on them.

2. Criminal law ⟨key⟩327—Burden on state to prove corpus delicti and guilt beyond reasonable doubt.

The burden is on the state to prove the corpus delicti beyond a reasonable doubt and that accused is the guilty party.

3. Criminal law ⟨key⟩478(1) — Permitting "undertaker" to testify as to cause of death held reversible error.

Permitting an undertaker, over accused's objection, to give his opinion as to the cause of death. invaded the province of the jury, and was reversible error; an undertaker being a nonexpert respecting such matters, his business being to prepare the dead for burial and to take the charge and management of funerals.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Undertaker.]

4. Homicide ⟨key⟩268—Where undisputed legal testimony showed death by natural causes, court should have so charged.

Where, after the exclusion of incompetent nonexpert opinion testimony, the undisputed legal evidence of competent medical experts showed that decedent died from natural causes and not from violence, the court should have so charged.

5. Criminal law ⟨key⟩516—Accused's statements denying any violence against deceased held not confession.

Statements by accused emphatically denying that she had ever committed violence against deceased or had injured him in any way were in no sense confessions, and were therefore not subject to the rules relating to the admission of confessions.

6. Homicide ⟨key⟩234(2)—Accused's reprehensible conduct in other respects not considered.

No matter how reprehensible the conduct of accused in other respects she was only required to defend the charge of murder, and unless deceased was unlawfully killed and accused

actually did the killing or aided and abetted therein she was entitled to discharge.

**7. Homicide ⊂⟶338(1)—Incompetent testimony held prejudicial where verdict fixed four-year imprisonment for homicide thus indicating jury's doubt of accused's guilt.**

Where no mitigating facts were shown, a punishment of four years' imprisonment for homicide was strong indication that the jury entertained a strong doubt of accused's guilt, and the admission of incompetent testimony against her was therefore. probably highly prejudicial.

Appeal from Circuit Court, Barbour County; George W. Peach, Special Judge.

Daisy Anderson, alias Rice, was convicted of manslaughter in the first degree, and appeals. Reversed and remanded.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The mere fact that the deceased died does not show that he was killed by some human agency. Mills v. State, 17 Ala. App. 493, 85 South. 867; Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536. Circumstantial evidence to prove corpus delicti must be cogent and irresistible. State v. Sullivan, 34 Idaho, 68, 199 Pac. 647, 17 A. L. R. 902.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. From a judgment of conviction of the offense of manslaughter in the first degree, carrying therewith a sentence of imprisonment in the penitentiary for four years, the term fixed by the verdict of the jury, this defendant, appealed. She was charged in the indictment with murder in the first degree.

· In this decision no good purpose can be subserved by a recitation of the sordid, odious, noxious, and disgusting facts adduced upon this trial in the court below.

[1] It has well been said that courts of law are not invested with the powers of selection. They must take the law as it is imposed upon them, and courts of the highest jurisdiction must often go into cases of the most objectionable, filthy, and revolting nature where the proceeding is only for the punishment of the offender. And while the facts disclosed by this record may properly be termed within the class enumerated above, and in addition thereto may be said to be polluting and nauseating, the material inquiry must of necessity be confined to the homicide charge upon which the accused was tried and convicted, and not to the obnoxious immoral acts or conduct of the principals which is disclosed by the evidence upon this trial. In other words, the first material inquiry is: Did the unfortunate deceased come to his death by unlawful violence, or has the identical offense complained of in the indictment been committed? And the next inquiry is: Was it committed by the accused and in the form and manner stated in the indictment?

A careful attentive consideration of the whole evidence in this case, by this court, convinces us that the prosecution must fall, for the reason that under the required rules it clearly appears that the corpus delicti was not proven. The evidence in our opinion is overwhelming to the effect that the deceased met his death as a result of natural causes and not by violence. This being true the defendant, under the specific charge, the only charge she was called upon to defend,`should have been acquitted.

[2] In every criminal case the burden is on the state to prove beyond a reasonable doubt that the crime charged has, in fact, been committed. The state also has the same burden of showing that the accused is the person who committed it. Winslow v. State, 76 Ala. 42, 47; Smith v. State, 133 Ala. 145, 150, 31 South. 806, 91 Am. St. Rep. 21; Perry v. State, 155 Ala. 93, 46 South. 470; Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; Hill v. State, 207 Ala. 444, 93 South. 460. In the latter case (Hill v. State) the rule governing this question is well stated. See, also, Matthews v. State, 55 Ala. 187. Ryan v. State, 100 Ala. 94, 14 South. 868. In Clisby v. State, 17 Ala. App. 475, 86 South. 140, this court said:

"The general rule as to sufficiency of evidence in criminal cases is, there must be clear and unequivocal proof of the corpus delicti. Every criminal charge involves two things: (1) That an offense has been committed, and (2) that the accused is the author or one of the authors of it." Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536.

[3, 4] In the instant case the undisputed legal evidence shows that the deceased was afflicted with serious heart trouble, and the testimony of the only witnesses who appeared to be qualified to testify as to the cause of death, gave as their expert opinion, that the deceased came to his death as a result of a diseased and ruptured blood vessel leading off from his heart.. This testimony was given by the eminent surgeons and physicians who held an autopsy over the body of deceased: and, in his qualified statements, corroborated by state's witness, Dr. Britt, who made only a cursory external examination of the body.

The only conflict in the testimony upon this important question was that given by one Dowling, a state witness, and who testified that he was an undertaker only. Over the objection of defendant this witness was permitted, by the court, to give his opinion and conclusion as to the cause of death of the deceased. In this there was error as the witness was not shown to be an expert. Jones

---

⊂⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. State, 155 Ala. 1, 46 South. 579. In the Jones Case, the Supreme Court held, where a nonexpert was asked if in his opinion the pistol shot had caused decedent's death, that only a medical expert could draw such a conclusion.

An undertaker is one whose business is to prepare the dead for burial and to take the charge and management of funerals. He is not therefore an expert on the question as to the cause of the death of decedent. The questions propounded to him in this connection, called for matter of expert knowledge and this witness not being an expert, his testimony, which the court allowed, was an invasion of the province of the jury, it being manifest that the jury was as well prepared and as competent to form an opinion or conclusion as to the cause of the death of the decedent as was this witness. All of the testimony of this witness on this subject should have been disallowed and excluded; its admission was error which of itself would of necessity effect a reversal of the judgment appealed from. With this witness' testimony on this question excluded, as it should have been, the defendant having exercised every known and legitimate means to this end, the testimony remaining as hereinabove stated was without conflict to the effect that the deceased named in the indictment died from natural causes and not from violence as complained in the indictment. The court should have so instructed the jury.

[5] Strenuous and insistent argument is here made, in brief of counsel for appellant, that the court committed reversible error in admitting testimony of the confessions (so called) of defendant. We do not regard the rulings of the court upon the admission of the so-called confessions of the defendant as being important, for the reason that the statements alleged to have been made by the defendant are in no sense confessions; to the contrary, they are in line with, and to the same effect as her testimony given by her on the witness stand, and in each instance there is an emphatic denial upon her part that any violence was inflicted upon the deceased by her or by any one else. If the statements alleged to have been made by her to state witness Connor, and others, had contained incriminating facts as to the charge against her; or, in other words, if the statements so made had been against her interest as to this charge, had been in fact a confession, such as the law contemplates under that term, then, in that event, the insistence of counsel to the effect that such statements or confessions were improperly admitted, on the ground that they were involuntary, would have had our favorable consideration, for it clearly appears that the predicates for the admission of such statements did not come within the required rule, that of volition. But, as above stated, we do not understand that in any of the alleged statements by defendant any incriminating fact or circumstance relating to the offense of homicide, the charge here, was shown or were admitted by her. Her every statement in this connection appears to have been a flat and insistent denial that she had ever at any time committed violence upon the deceased or had injured him in any manner.

[6] In this case this defendant was called upon and required to defend only against the homicide charged in the indictment, and however reprehensible her conduct may have been in other respects (and we think that conduct has been properly classified hereinabove), unless it was shown, under the required rules, that the deceased was unlawfully killed and that this defendant actually did the killing or aided and abetted therein, she would be entitled to her discharge. Resentment, prejudice, and suspicion have no place in the trial of a person charged with crime. In other words, "the sea of suspicion has no shore, and the court that embarks upon it is without rudder or compass."

[7] In the instant case, notwithstanding the undisputed friendly, intimate, though abnormal, relations existing between the principals, the defendant and deceased, the accused was charged with an atrocious and uncalled for murder, the cruel killing by her of a member of a superior race. No motive for such crime was shown, and, if guilty, no mitigating facts or justifying circumstances were disclosed; yet, the jury who heard this case and considered all the facts concluded that a term of imprisonment of four years for manslaughter would be a proper punishment for the commission of the unlawful homicide, above indicated. Of course, under the law it was the prerogative of the jury to fix the punishment, in the event of conviction, and the presumption prevails that one charged with a legal duty will perform that duty whatever it may be. However, it does not need but slight, if any, experience for any one to understand that such a verdict in such a case is very strongly indicative of the fact that the jury itself must of necessity have entertained a strong and almost overwhelming doubt of the guilt of the defendant as to the actual crime charged against her, and on the question of prejudicial or injurious error it is very probable that, had the illegal and incompetent testimony given by state witness Dowling been disallowed, their verdict in all probability would have been different.

For the errors indicated, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.