(129 So. 292)

### BLACK v. STATE.
### 8 Div. 792.

Court of Appeals of Alabama.
June 17, 1930.

Wm. C. Rayburn, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The evidence in this case consists largely of circumstances, and, while as it appears to us in cold type to be weak, there are facts and circumstances from which a jury might infer the corpus delicti and that the defendant is the guilty party. Where this is the case, the jury is in much better position to reach a correct conclusion than any appellate court. The defendant was not entitled to the general charge, and there is nothing transpiring on the trial that would warrant this court in holding the trial court in error for refusing the motion for new trial on that ground, and the refused charges were all covered either in the court's oral charge or in charges given at the request of defendant.

The solicitor, in his closing argument, said, referring to the character of crime then being tried: "We have a wave of this thing going over the country now and you know it of your own common knowledge." This remark was objected to by defendant, objection was overruled and exception was reserved. Again the solicitor said: "You know of your own common knowledge there is a wave of this petit thieving over this country." Objection was made and exception duly reserved. This was the statement of a fact not in evidence, and, if offered, would have been irrelevant and inadmissible. This was not argument, and could furnish no safe or permissible aid to the jury in considering and weighing the testimony before them. Matters of common knowledge when relevant may be used as a basis for legitimate argument, but, where the matter of common knowledge itself is not relevant, the solicitor may not use it for the purpose of influencing the jury. The statement of the solicitor in this case is to the effect that, there being many petit thieves in this country, you must convict this defendant being so charged and put upon trial. The argument was prejudicial, and the ruling of the court thereon was error to a reversal.

Let the judgment be reversed and the cause be remanded.

Reversed and remanded.