(132 So. 865)

## Ex parte THOMPSON.

### 3 Div. 694.

Court of Appeals of Alabama.

March 3, 1931.

Brassell & Brassell, of Montgomery, for petitioner.

Thomas E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, J.

The petitioner in this case was convicted in the circuit court of Macon county of robbery and sentenced to serve a term of ten years in the penitentiary. From the judgment of conviction, appeal was taken to this court, and, acting under section 3241 of the Code of 1923, the judge who presided at the trial fixed petitioner's bail at $15,000. The bail not being presently furnished, the trial judge entered an order transferring petitioner to the county jail in Montgomery county and into the custody of the sheriff of said county.

Acting under section 4310 of the Code of 1923, petitioner addressed a petition to Hon. Leon McCord, judge of the Fifteenth judicial circuit, praying a writ of habeas corpus and alleging his inability to make the bail required; that he had no friends or relatives who were financially able to make his bond in the sum fixed; that the bail as fixed is excessive; and that a reasonable bail would be $2,000. Upon a denial of the writ and relief sought, before Hon. Leon McCord, as judge, etc. application is renewed in this court. All that is presented here is the petition and an affidavit made by petitioner that the statements and allegations made in the petition are true. The record discloses that the original amount of bail was fixed by Hon. S. L. Brewer, the judge who tried the case, had all the witnesses before him, saw the parties, heard them testify, and generally had the benefit of the trial. There is nothing to show that Judge McCord had the benefit of any witness other than the affidavit of petitioner. We have before us exactly what was before Judge McCord, which, simply stated, is: A conviction for robbery, one of the highest offenses known to the law; a sentence of ten years in the penitentiary; an appeal from the judgment and suspension of sentence; bail fixed by the judge trying the case at $15,000; petitioner's inability to make the bond required; petitioner's asserted ability to make a bond in the sum of about $2,000.

Under section 3241 of the Code of 1923, defendant is entitled to be admitted to bail in *a sum to be fixed by the judge* (Italics ours). Our Constitution (Const. § 16) is not the basis for Code, § 3241, supra, and the constitutional provision as to the right to bail is before conviction and not afterwards. That part of section 16 which reads, "Excessive bail shall not in any case be required," relates to those cases in which bail is guaranteed by the first part of the section.

The allowance of bail after conviction is statutory and indeed did not obtain until recent years, except in misdemeanor cases. Acts 1911, pp. 113, 626. This statute and the subsequent amendment fixing the term for which bail should be allowed at ten years, (§ 3241 supra) placed a grave responsibility and a great discretion on the trial judge in fixing the sum of the named in the bail bond. In fixing the amount of bail in this class of cases, the question of the guilt or innocence of defendant is eliminated; guilt has already been determined. The amount must of necessity depend largely upon the circumstances of the particular case, having in view the gravity of the offense, the length of the sentence, the character and standing of the defendant, and the likelihood of defendant's appearance to answer the charge as well as defendant's financial ability and the financial ability of his friends. 6 Corpus Juris, 960 (178). Bail after conviction was never designed to take the place of the sentence, but to be such a sum as will hold defendant to the sentence upon affirmance of the judgment. The discretion should be exercised with great caution, to the end that the defendant will appear to answer the penalty.

This court may review the fixing of bail by the circuit judge, but only where his discretion has been abused. 6 Corpus Juris, 965 (185).

In this case there is nothing to convince us that the trial judge abused his discretion in fixing the amount of bail and on the bare facts as disclosed by this record we hold that $15,000 is a reasonable amount to be fixed as bail pending an appeal in this case.

Writ denied.

RICE, J., concurs in conclusion.

BRICKEN, P. J. (dissenting).

This petition is properly before this court. Sections 3241 and 3368, Code 1923.

It is ascertained by the petition, the allegations of facts therein being sworn to and undisputed, that petitioner has been convicted of a felony, and his punishment fixed at ten years' imprisonment in the penitentiary; that from the judgment of conviction an appeal was taken to this court under the provisions of section 3241, Code of Alabama; that the execution of said judgment was suspended pending the appeal; and that the judge fixed the amount of the appeal bond at $15,000.

Petitioner avers that the amount of bail so fixed is excessive and in violation of section 16 of the Constitution of Alabama 1901, wherein it is provided: "Excessive bail shall not in any case be required."

In this connection the verified petition shows that petitioner is wholly unable to make the bond required, and paragraphs 4, 5, and 6 of the petition state as follows:

"4. Petitioner further shows that his pecuniary condition is such that he is unable to execute bond in the sum fixed as aforesaid; that he has not sufficient means and property to execute said bond; that he has no friends who will execute bond for him in said sum. But, petitioner says that he can execute bond in the sum of about $2,000.00; that his relatives and friends have means to secure bond for about this sum, but not for a sum much greater.

"5. Petitioner further shows unto your Honor that on account of the amount of bond originally fixed he is virtually denied the right of bail pending his said appeal; and that at the time said bond was fixed, the trial judge did not take into consideration his pecuniary condition; and neither did he take into consideration petitioner's ability to execute such an exorbitant bond.

"6. Petitioner further shows unto your Honor that his mother owns a home and property which is of sufficient value to pledge security for bond in a reasonable sum, which will be pledged if your Honor will make and enter an order reducing the amount of the original bond from $15,000.00 to about $2,000.-00; but petitioner cannot execute bond in a sum much greater; that bond fixed in a sum much greater is excessive, unreasonable and unauthorized and is direct conflict with section 16 of the Constitution of the State of Alabama."

The constitutional provision to the effect that "excessive bail shall not in any case be required" applies to all cases where bail is allowable, not merely to cases before conviction, as stated by SAMFORD, J., in the majority opinion; and this humane provision of the fundamental law is not rendered nugatory by the fact that the petitioner has been tried and convicted of felony and is under suspended sentence therefor. As stated hereinabove, he had the right of appeal and availed himself of this statutory right. His case is therefore in fieri and not concluded.

It must be borne in mind that the legal penalty for crime is inflicted only upon final conviction, and that the object of imprisonment before trial is safe-keeping, not punishment, and in determining the amount of bail to be demanded the court should endeavor to fix upon such sum as is deemed sufficient to secure the presence of the accused at the trial, and in doing so they will take into consideration the pecuniary ability of the defendant. In Ex parte Banks, 28 Ala. 89, the court held: "In determining the amount of bail the court should consider the pecuniary condition of the accused." And in Ex parte Hammock, 78 Ala. 414, the court said: "The amount of bail, which should be graduated

somewhat by the pecuniary ability of the petitioners."

The exercise of discretion by the trial judge in fixing the amount of bail is subject to review, and his decision will not be disturbed by the appellate court unless an abuse of power is clearly shown. It has been held that the appellate courts will not interfere to reduce bail unless it appears per se that the amount fixed is excessive.

In deference to the constitutional provision that in no case shall excessive bail be required, and in accord with the decisions, supra, it should certainly be held, under the undisputed facts in this case, which in effect show that this petitioner personally is practically destitute and without means, and that his ability to make bond at all is confined and limited to the modest holdings of his mother and sister, that the amount of bail fixed by the judge of $15,000 is excessive and prohibitive, and results in a denial of bail altogether; and the order should be here corrected to the extent at least of reducing petitioner's bail to $5,000. I cannot accord to the reasoning of SAMFORD, J., in the majority opinion, nor to the conclusion concurred in by RICE, J., to whom this petition was assigned, but in which he expresses no reasons for his concurrence. I therefore dissent, and am of the opinion that petitioner has been denied his constitutional rights in the premises.