164 So.2d 716

**Ex parte Calvin COFIELD.**

**8 Div. 951.**

Court of Appeals of Alabama.

April 7, 1964.

Rehearing Denied May 12, 1964.

Calvin Cofield, pro se.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

CATES, Judge.

This is another phase of Cofield's struggle to escape punishment. See Cofield v. State, 41 Ala.App. 469, 136 So.2d 897 (appeal); Ex parte Cofield, 41 Ala.App. 662, 148 So.2d 656; Cofield v. State, 42 Ala.App. 90, 153 So.2d 251.

Cofield has filed:

(a) Motion for leave to file petitions (1) for writ of error coram nobis (2) in forma pauperis.

(b) Application for modification of sentence.

## I.

 The giving of false testimony by State witnesses is alleged without any detail to show materiality, and hence whether judgment would have been prevented had the evidence been otherwise. The mere fact of conflict—without in what—as between testimony on preliminary hearing and that on trial is too vague and incomplete.

That Cofield's wife was paid money by the sheriff after conviction of defendant, does not, even if true, standing alone, prove that it was part of a corrupt bargain. Half truths in allegations to upset grand jury indictments and petty jury verdicts find scant favor in this court.

## II.

Time spent in the county jail either before or after conviction does not count on a term in the penitentiary.

That the petitioner was held eight months and eight days because the sheriff would not approve his surety on an appeal bond, is a collateral matter which now is no longer open to question. The remedy would seem to have been by habeas corpus directed to the sheriff. Ex parte Thompson, 24 Ala.App. 213, 132 So. 865.

The date on which the circuit court passes sentence has no bearing on how long a man will stay in the penitentiary. The date on which he begins to obey and endure the execution of the sentence is the commencement of computation. Cf. Code 1940, T. 45, §§ 26, 27, and 29.

When an appeal is taken, T. 15, § 372, suspends execution and, where the term is twenty years or below, gives the convict the option of bail on appeal, or under § 373 he can file waiver and go off to the prison pending appeal.

The requests are not properly grounded and are

Denied.