249 So.2d 872

Alphonse **ROBINSON**

v.

**STATE.**

1 Div. 35.

Court of Criminal Appeals of Alabama.

June 29, 1971.

C. Wayne Loudermilch and Charles R. Butler, Jr., and Robert M. Harper, Mobile, for appellant.

**52**

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

This is an appeal from a judgment of conviction of arson in the second degree with punishment fixed at five years in the penitentiary.

■ Before striking the jury, the appellant made a motion to the court in chambers objecting to striking from the first thirty names appearing on the venire and requesting that the panel be selected by pulling numbers at random from a hat. The motion was overruled by the court.

Appx., § 543(7), 1965 Cum.Supp. to Vol. 14A, Code of Alabama, 1940, as recompiled 1958, the statute governing selection of the jury in this case, provides in part:

"The thirty, or forty-two, jurors shall be obtained from all of the jurors then in attendance upon the court and who at the time are readily and presently available for the trial of the case in an impartial manner, as prescribed by rule of the court. * * *"

No testimony was offered showing a violation of any rule of the court referred to in the statute, nor was there any showing made that the list in question was not made up in an impartial manner under rule of the court. No testimony shows any reason why the appellant could not get a fair trial from a jury selected from the panel of thirty.

This court cannot presume a violation of the statute by the court nor that the appellant suffered any injury from the action of the court. There was no error in the overruling of the motion by the trial court.

■ At the conclusion of the State's testimony, appellant moved that the testimony be excluded as to both counts one and two of the indictment. The court granted the motion as to count two but overruled as to count one.

It is the contention of appellant that the evidence offered by the State did not establish a setting fire to, or burning of, the building and therefore the appellant could not be convicted of arson. Both the appellant and the appellee, in brief, cite one of the leading cases on the subject of arson, Graham v. State, 40 Ala. 659, as laying down a fundamental element of the crime of arson. In that case, the Supreme Court of Alabama said:

"Under an indictment against a person for arson at common law, it was sufficient to prove that any part of the house was burnt; and if the other constituents of the offense were proved, the offender could be convicted. The burning of any part, however small, completes the offense the same as of the whole. If the portion of the house which is combustible is blackened by fire, but its fibers or texture is not wasted or destroyed by fire, the offense is not complete.

* * * * * *

"We come to the conclusion, that the words 'set fire to' used in our statute, are equivalent to the word 'burn' as defined by the common law; and when they refer to a house, that they mean some portion of the same, however small, must be consumed, or destroyed by fire, in order to complete the offense of arson."

The building mentioned in the indictment, according to the evidence, was constructed of glass, metal panelling and had ·calking between metal and glass portions. Several witnesses for the State testified that the side of the building where the fire ball struck was smutty, blackened and ·scorched, but were unable to say that any portion was burned or consumed by the fire. Two witnesses testified that some ·calking was burned, which testimony, "however small," was enough to submit the ·case to the jury on this question.

■ The question of the sufficiency of the evidence presented by the State was further raised by the court's refusal to give Charges 1–6, all of which were affirmative in nature.

"In arson, the corpus delicti consists, not alone of a building burned, but also of its having been willfully fired by some responsible person. Burning by accidental and natural causes must be satisfactorily excluded to constitute sufficient proof of a crime." Street v. State, 39 Ala.App. 190, 96 So.2d 680; Lowery v. State, 38 Ala.App. 505, 88 So.2d 854.

The guilt of the defendant may be proven by circumstantial as well as direct evidence. Whatley v. State, 37 Ala.App. 706, 75 So.2d 182.

An outline of the State's evidence shows that on the night of March 23, 1969, State Trooper Hendrix and Officer Adams of the Mobile Sheriff's Department, while on patrol in Mobile, saw a Plymouth automobile, later identified as that of appellant. They followed it shortly and then left to ·check a radio call from another officer. Later that night they again saw the aforementioned automobile with three people in it. They followed it and saw a ball of fire thrown from it against the building described in the indictment. Shortly thereafter, they saw the side of the building on fire and they stopped there momentarily, then gave chase to the automobile, and found it abandoned on a public street about four blocks away. The evidence shows that Mobile Police Officer Connick, who had been alerted on his car radio, found and arrested appellant on a public street about five or six blocks from the abandoned car, which was registered in appellant's name.

The evidence further revealed that Fire Inspector Parden of the Mobile Fire Department examined the portion of the building where the fire had burned and found some calking which had been burned and consumed by the flames. Mr. Lyons, an employee of the business occupying the premises, testified that some calking was burned. Several witnesses, including Parden and Lyons, testified that the side of the building where the fire was was smutty and scorched. Witness Milne of the Police Department gathered certain articles found at the scene and on examination by State Toxicologist Grubbs testified that the material was flammable and contained a detergent of the type which is used in making fire bombs.

In recounting his activities over the weekend before this occurrence in which he had been away from his home visiting several places and drinking a good deal, the appellant testified that on the night in question he was drinking in a night club and became dizzy and went to his car and fell asleep. This was the car seen and found by the officer. He stated that he did not know what was happening but got out quickly and hid in a nearby ditch for a while and then proceeded to walk away ·from the scene, which he was doing when apprehended.

Appellant denied any knowledge or connection with the activities testified about.

With further regard to the sufficiency of evidence in criminal cases, this court has said:

"In every criminal case the burden is on the state to prove beyond a reasonable doubt that the crime charged has, in fact, been committed. The state also has the same burden of showing that the accused is the person who committed it."

Anderson v. State, 19 Ala.App. 606, 99 So. 778.

In our opinion the testimony presented could warrant a finding by the jury, if believed under the required rule, that there was some burning of some part of the building by fire, willfully done by some responsible person and not as a result of natural or accidental causes, and further that the appellant committed the act.

The court was not in error in overruling the motion for a new trial or in refusing the requested affirmative charges.

■ The argument of the district attorney to the jury, "Now you've heard of the fire bombings. Now from your reasonable intelligence, are they like they were before or do they seem to have quieted down?" was objected to by appellant who also moved for a mistrial. The court overruled the objection and motion.

In determining the impropriety and prejudicial effects of remarks made by the district attorney in the trial of criminal cases, much depends upon the circumstances, issues, and parties of the particular case. Langley v. State, 32 Ala.App. 163, 22 So.2d 920, cert. denied 247 Ala. 176, 22 So.2d 923. Many cases by the appellate courts of Alabama have dealt with the sometimes perplexing question of what is proper or improper.

In the case of Embrey v. State, 283 Ala. 110, 214 So.2d 567, the solicitor had made the statement, "We all know the crime rate is rising and rising and rising." In *Embrey* the Supreme Court of Alabama, in refusing to follow a decision of this court

(Black v. State, 23 Ala.App. 549, 129 So. 292) said:

"If the *Black* case is authority for the proposition that it is a reversible error for a prosecuting attorney in his argument to simply remind the jury of the prevalence of crime and that the crime rate is increasing, when those situations are known to the jury as a matter of common knowledge, then we decline to follow it."

Other illustrations of this principle in arguments in other cases held proper by the court are set out in this opinion. The first part of the argument in question here, we think, is a statement of a matter of common knowledge of the existence of fire bombings in Mobile. The last part of the argument is not a statement of fact but merely poses a question which is unanswered. We interpret this argument as an appeal for law enforcement, which type of argument has many times been upheld by our courts. See Vol. 6A, Alabama Digest, Criminal Law, Key No. 723(3) for collection of cases on this subject.

■ The trial court denied a motion by appellant to modify the sentence imposed by allowing credit for the time spent in Mobile County jail while awaiting trial. The attorney for the appellant in a very thorough brief has cited Federal Statutes and court decisions upholding the contention that appellant should be allowed such credit on his sentence. But without attempting to discuss the rationale of these authorities, our answer to this argument is that the decision of the Supreme Court of Alabama in Ryan v. State, 100 Ala. 105, 14 So. 766, and of the Court of Appeals in Ex parte Cofield, 42 Ala.App. 344, 164 So.2d 716, foreclosed this relief to the appellant. The court committed no error in overruling the motion.

Punishment for those convicted by the courts of this State for crime is governed by legislative enactment and relief as contended for in this case must come by such action.

Since there is no reversible error in the record, the judgment in this cause is due to be affirmed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.