276 So.2d 587 (1973)
Felix Ernest WASHINGTON
v.
STATE of Alabama.
SC 317.
Supreme Court of Alabama.
April 19, 1973.
*588 Gerard J. Durward, Birmingham, for appellant.
William J. Baxley, Atty. Gen. and L. G. Kendrick, Asst. Atty. Gen., for the State.
FAULKNER, Justice.
On the evening of September 18, 1971, Lula Hooks, a widow, was enjoying a cozy evening in her home in Birmingham. With her guests, Chester and May Bell Brown, she was quietly watching television in the den. Suddenly this calm and restful scene was interrupted by a loud explosion. Mrs. Hooks' home had been fire-bombed. The whole front of the house was enveloped in flames. Mrs. Hooks screamed and ran outside. With the aid of a garden hose, she and Mr. Brown succeeded in dousing the flames.
Shortly thereafter the police apprehended Felix Ernest Washington not far from the scene. He was indicted, tried, and convicted of first-degree arson (Title 14, § 23, Code of Alabama 1940, Recompiled 1958), and sentenced to ten years in the penitentiary. Washington appealed to the Alabama Court of Criminal Appeals. On March 29, 1973, the cause was transferred to this Court.
The evidence amply supported the jury verdict of guilty. Matthew Leatherwood testified to having driven the defendant and two others close to Mrs. Hooks' home. Two of the three men got out of the car. Leatherwood testified as follows:
"Q. What happened then?
"A. Well, I will say, about four, or five, minutes later two fellows run back towards the car.
"Q. Two fellows?
"A. Running back towards my car.
"Q. Was one of them this defendant?
"A. Yes, sir.
"Q. Did you see anything else, other than them running towards the car?
"A. Well, I saw the whole corner where we was parked was lit up with flames."
Defendant Washington, taking the stand in his own defense, confirmed virtually every part of Leatherwood's testimony, being in the vicinity of Mrs. Hooks' home, leaving the car, coming back to it, driving awaybut omitted the part about the flames.
One mystery of the case is the motivation for fire-bombing Mrs. Hooks' home. She testified that the defendant was a stranger to her; he testified that she was a stranger to him. Yet the evidence indicated that defendant made a phone call to insure that he would find the right house, and was overheard in front of another house saying, "This is not the street. This is the wrong house." Nothing in the record even hints at why defendant might have wanted to fire-bomb Mrs. Hooks' home. However, the State is not required to prove motive as an element of its case. Mount v. State, 32 Ala.App. 235, 24 So.2d 142 (1945); Clifton v. State, 73 Ala. 473 (1883).
Arson of a dwelling house is one of the most heinous and severely punished crimes known to our law. The reader of the daily newspaper is well aware of how often such a crime results in the death of innocent human beings.
However, appellant argues he was improperly convicted because the house did not burn. It appears that the flames from the fire-bomb, which initially enveloped the whole front of the house, were rapidly extinguished by the garden hose, and little *589 permanent damage was done. Mrs. Hooks' picture window was broken and blackened, some smoke seeped into the interior of the house through the break, the ledge below the window was blackened, and there was some burning on the eave over the window.
It is a cardinal principle of the law of arson that some part of the building must actually be burned or consumed, in order for the offense to be complete. Rex v. Stallion, 1 Moody, C.C. 398 (1833); Graham v. State, 40 Ala. 659 (1867). Any destruction or consumption of the material of the building, however slight, will be sufficient. Robinson v. State, 47 Ala.App. 51, 249 So.2d 872 (1971); Luke v. State, 49 Ala. 30 (1873); Graham v. State, supra.
We think the uncontroverted testimony of Robert Young, Arson Investigator for the Birmingham Fire Department, that there was:
"* * * some burning on the eve [sic] over the window, where the fire burned up"
was sufficient to take the case to the jury. Further evidence, in the form of photographs showing a blackened window sill, was also sufficient to take the case to the jury.
We hold that although the burning was slight, there was sufficient evidence of actual burning of part of Mrs. Hooks' house to support a conviction of first-degree arson. Robinson v. State, supra.
Since the argument that the house was insufficiently burned was the appellant's sole ground of appeal, we have undertaken to scrutinize the record in search of other possible error. No such error has been revealed by our review. The judgment and sentence must be and hereby are affirmed.
Affirmed.
HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.