308 So.2d 717

**Alice TEEPLE**

v.

**STATE.**

**3 Div. 312.**

Court of Criminal Appeals of Alabama.

Feb. 18, 1975.

Alston Keith, Jr., Selma, for appellant.

William J. Baxley, Atty. Gen., and Randolph P. Reaves, Asst. Atty. Gen., for the State, appellee.

BOOKOUT, Judge.

Appellant was indicted on a charge of first degree murder on April 2, 1974, and was found guilty by the Jury of first degree manslaughter and sentenced to ten years in the penitentiary. After appellant's arrest, she was confined in the Lowndes County Jail from October 27, 1973, until the date of her trial April 22, 1974. Appellant's bond was set originally at $25,000.00 and on motion of defense counsel, the trial judge reduced it to $10,000.00.

The homicide occurred at the Jack and Jill, a Lowndes County grocery and drinking establishment. The appellant, Alice Teeple, had been dating the deceased, Joe Green, for some time. They had known each other since they were children. On Friday afternoon, October 26, 1973, Miss Teeple and Joe Green began drinking gin and whiskey in Dothan. They drove to the home of the appellant's mother in Greenville and then on to Lowndes County to the Jack and Jill where they consumed more alcoholic beverages. After arriving at the bar around 11:00 P.M., the deceased entered into an altercation with a Mr. Fussel which ended abruptly when Green hit Fussel in the back of the head with a gun. Fussel left the premises and Green continued to drink heavily.

The testimony indicated that Green customarily carried a pistol, under the seat of his car while driving, in his pants when not driving, and under his pillow when he slept. Green had also served time in the Alabama penitentiary for second degree burglary.

Witnesses testified that around 1:00–1:30 A.M., Green stated that he had had too much to drink and went into the back bedroom of the premises to rest before driving home. While he was asleep, appellant began searching for him around the premises. She found him lying on the floor of the bedroom wrapped in a bedspread and began asking him to take her home.

There were no witnesses to the shooting except appellant. She stated that Green reached under the bed pillow and stuck his pistol in her face ordering her to leave him alone. He then pulled back the hammer on the pistol pushing it further into her face. She testified that she pushed the gun away from her, and it discharged wounding Green fatally. Appellant's plea of not guilty and her defense in the case was based solely upon self-defense.

## I

Appellant's only assignments of error relate to sentencing. Appellant contends that the trial court should have given her credit for the six months spent in County Jail prior to her trial and sentencing. Appellant contends that since the maximum sentence allowed by law for her offense is ten years, which the trial judge assessed, she was actually sentenced to ten years and six months counting the time she had already spent in jail which amounts to a denial of her constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution.

## II

■ Appellant contends that excessive bail was set in contravention of the Eighth Amendment of the United States Constitution. That point was raised by appellant's motion to have bond reduced, and the court reduced her bond from $25,000.00 to $10,000.00. Excessive bail was not set out as a ground in appellant's motion for a new trial and, therefore, is not a question before this Court.

## III

■ The State relies on the case of Ex parte Cofield, 42 Ala.App. 344, 164 So.2d 716. The opinion of this Court written by Judge Cates in that case held that time spent in county jail either before or after conviction does not count on a term in the penitentiary.

This Court cited *Cofield* and Ryan v. State, 100 Ala. 105, 14 So. 766, as authority on the identical point raised in the case of Robinson v. State, 47 Ala.App. 51, 249 So.2d 872, in an opinion prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by this Court.

Affirmed.

All the Judges concur.