315 So.2d 136

**Joe Albert BAILEY**

v.

**STATE.**

**6 Div. 780.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

Ralph C. Burroughs and Joel L. Sogol, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a judgment denying and dismissing the petition filed by appellant to allow credit on sentences, based on pleas of guilty, from the Circuit Court of Tuscaloosa County, for time served in jail which elapsed between the date of his arrest and incarceration until the date of his sentence some two months and eight days later.

We affirm the judgment of the lower court.

In *Groce v. State,* 48 Ala.App. 709, 267 So.2d 499, this court in speaking of the purpose and scope of the writ of error coram nobis said:

"The office of the 'writ of error coram nobis', under Alabama law, is to bring to the attention of the court for correction an error of fact, one not appearing on the face of the record, unknown to the court or party affected, and which, if known in time, would have prevented the judgment challenged, and serves as a motion for a new trial on the ground of newly discovered evidence. The writ is not intended to relieve a party from his own negligence, and cannot serve as a substitute for an appeal, nor to enable a defendant to question the merits of the case for which he stands convicted."

In the instant case the trial court in an obvious and commendable effort to leave no stone unturned to see that the rights of the appellant were protected held a hearing upon the petition (which could have dismissed without error) and allowed the evidence to take a wide field. No hint of past error appears in the handling of the past cases complained of by appellant.

In fact, assuming the appellant had chosen the proper remedy to effectuate relief, our court has uniformly held that no relief may be granted thereon. The recent case of *Broadnax v. State,* 55 Ala.App. 546, 310 So.2d 265, reiterates the rule in *Robinson v. State,* 47 Ala.App. 51, 249 So.2d 872; *Ex parte Cofield,* 42 Ala.App. 344, 164 So. 2d 716, and *Ryan v. State,* 100 Ala. 105, 14 So. 766, which holds that no sentence imposed by the court may be modified by allowing for time spent in jail while awaiting trial.

The attorney for petitioner very commendably and candidly admits that he is unable to find any error in the record. Our examination of the record leads us to this conclusion and this cause is hereby

Affirmed.

TYSON, HARRIS, DeCARLO, BOOK-OUT, JJ., concur,

CATES, P. J., not sitting.