The appellant, Youngblood, was indicted for the capital offense of murder in the first degree while sentenced to imprisonment for life. Alabama Code Section 13-1-75 (1975). His conviction, based on a guilty plea, was reversed by this Court in Youngblood v. State, 372 So.2d 34 (Ala.Cr.App. 1979). On remand, a jury convicted him of capital murder and fixed sentence at death. That conviction was voided by the circuit court under Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392 (1980), when it granted Youngblood's petition for writ of error coram nobis.
Youngblood was originally indicted in March of 1978 for the capital murder of inmate Hayes J. Toosen in September of 1977. Five years later, in March of 1983, he pled guilty to murder in the second degree and was sentenced to twenty years' imprisonment. This guilty plea was pursuant to a plea bargain agreement.
On appeal from that conviction, Youngblood argues that he is entitled to credit on his sentence for the time he spent in jail awaiting trial. In his order sentencing Youngblood to twenty years' imprisonment, the trial judge ordered "the Defendant to get credit for any time of incarceration pending a disposal of the charge as is allowed by law."
Youngblood was originally sentenced on March 14, 1978, as a result of a guilty plea that was later reversed on appeal. On January 22, 1980, he was sentenced a second time after a jury trial. That conviction was set aside on a petition for writ of error coram nobis. Youngblood was sentenced a third time on March 2, 1983, as the result of a negotiated guilty plea. When that plea was accepted, defense counsel stated that it was "agreed" between the State and Youngblood that Youngblood would "get credit for the time he served since the sentence of January 22, 1980." The trial judge noted that that "is a matter of law. The statutes take care of that."
Initially, we note that this issue is not preserved for review. Nowhere in the record is there any evidence to the effect that Youngblood has not received the credit to which he may be entitled.
Alabama Code Section 15-18-5 (1975) provides that a convict should be credited with all time spent in jail in connection with the offense for which he has been sentenced.
 "Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the board of corrections."
Here, there is simply no showing that Youngblood spent any time incarcerated pending trial for such offense for the reason that he was already serving a life sentence.
Youngblood is not entitled to any credit on his twenty-year sentence because the conviction resulting in that sentence was not the cause of his pretrial confinement.
 "Even under statutes providing that time spent in jail prior to conviction may be credited toward the term of imprisonment imposed on conviction, a period of confinement under conviction of one crime may not be deducted from the term of a sentence imposed on conviction of another crime."
 24B C.J.S. Criminal Law, Section 1995 (4)(1962).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 631