Phillip Lee Prichard (Pritchett), the appellant, pled guilty to three indictments charging three different offenses of burglary in the third degree. On appeal, Prichard objects to the trial judge's refusal to credit him with the time he spent incarcerated pending trial for each offense.
Prichard was sentenced in the first case to three years' imprisonment (to serve one year with the remaining two years suspended). It was only for this offense that the judge credited Prichard with his nine months and twenty-one days jail time. In each of the other two cases, Prichard was sentenced to three years' imprisonment to serve one year imprisonment consecutive with the first case with the remaining two years suspended. Prichard argues that he should have been credited with his jail time in each of the three burglary cases. We disagree.
The statute does not anticipate the present issue. Alabama Code Section 15-18-5 (1975) provides: "Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all his actual time spent incarcerated pending trial for such offense." This statute does not suggest that the offender should receive credit for the same jail time more than once. This would be the effect if we upheld Prichard's argument and ordered that his jail time of nine months and twenty-one days be credited against each of the three sentences he received. Here, Prichard was in jail waiting trial on three separate and distinct crimes. Each burglary involved a different building.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.