*67 WELCH, Judge,
dissenting.
I believe that the effect of the holding of the majority’s opinion in denying Wesley Randall Quick credit for jail time served from the date of his arrest for burglary and attempting to apply that time to a charge for which he was ultimately acquitted is fundamentally unfair.
Quick was arrested on a charge of first-degree burglary on November 5, 1995, the same day he was arrested on a charge of capital murder. Two months after, he was arrested on two additional counts of burglary. There is no dispute that Quick has remained incarcerated from November 5, 1995, forward, and that he remains incarcerated as of this date. Quick did not attempt to post bond on the burglary charges because to do so would have been futile in light of the capital-murder charge pending against him.
The majority determines that the reason Quick was in jail from November 5, 1995, to the date of his acquittal on the capital-murder charge in April 2003, was because he could not have been released from jail while that charge was pending. I agree that a defendant is not entitled to accumulate credit for time served while he is serving time on another conviction, see Youngblood v. State, 437 So.2d 629 (Ala.Crim.App.1983). However, in this case, Quick was serving time pending the trials of both the capital-murder charge and the burglary charges, and when he was ultimately acquitted of the capital-murder charge, the time he spent in jail awaiting trial should have been applied to one of his remaining burglary convictions, regardless of whether he would have been able to make bond on a pending burglary charge.
For the reasons set forth above, I would affirm the judgment of the trial court. Accordingly, I respectfully dissent from the majority opinion.