WOODALL, Justice.
We granted certiorari review to consider a material question of first impression for this Court, namely, how § 15-18-5, Ala. Code 1975, must be applied under the facts of this case. See Rule 39(a)(1)(C), Ala. R.App. P. Wesley Randall Quick filed a petition for a writ of habeas corpus in the St. Clair Circuit Court, alleging that the Department of Corrections had miscalculated the amount of jail time to be credited against his sentences for two counts of first-degree burglary and one count of third-degree burglary. After an evidentia-ry hearing, the trial court granted Quick’s petition, and the State appealed.
The Court of Criminal Appeals reversed the trial court’s judgment. State v. Quick, 23 So.3d 63 (Ala.Crim.App.2008). In its opinion, that court summarized the undisputed facts:
“At the hearing, the parties stipulated that Quick had been continuously confined from the time of his arrest on November 5, 1995, until his sentencing for the burglary convictions on October 24, 2003. The record indicates that on November 5, 1995, Quick was arrested for one count of first-degree burglary (case no. CC-96-1746) and for one count of capital murder, and that on January 11, 1996, Quick was arrested for one count of first-degree burglary (case no. CC-96-3803) and one count of third-degree burglary (case no. CC-96-3804). The parties agreed that Quick never posted bond on the burglary charges, and the circuit court noted that an attempt to post bond would have been futile because Quick would not have been released with the capital charge pending.
“The record indicates that Quick’s first trial on the capital charge ended in a mistrial because of juror misconduct. *69 Quick was again brought to trial for the capital offense; he was convicted of capital murder on September 30, 1997, and on March 6, 1998, the trial court sentenced Quick to death. On direct appeal from that conviction and sentence, this Court, finding that Quick had shown a particularized need for the transcript of his first trial and the absence of suitable alternatives, held that he was entitled to a free transcript of the prior trial, and we reversed Quick’s conviction and death sentence and remanded the cause for a new trial. Quick v. State, 825 So.2d 246 (Ala.Crim.App.2001). Quick was tried a third time on the capital charge, and on April 21, 2003, he was acquitted.
“The record further reflects that following his acquittal of the charge of capital murder the trial court set no bond on the three burglary charges. On October 24, 2003, Quick pleaded guilty to the three burglary charges and was sentenced to 33 years’ imprisonment for each first-degree-burglary conviction (cases no. CC-96-1746 and CC-96-3803) and to 10 years’ imprisonment for the third-degree-burglary conviction (case no. CC-96-3804); the sentences were to run consecutively. The record reflects, and Quick concedes, that he received jail credit for the time he spent incarcerated after he was acquitted of capital murder but before he was sentenced for the burglary charges. Kathy Holt, director of central records division for the DOC [Department of Corrections], testified at the evidentiary hearing that the calculation of Quick’s release date was correct and that she had spoken with the sentencing judge, who had confirmed that the jail credit Quick had received for the burglary charges was accurate.
“After the evidentiary hearing in this matter, the circuit court instructed the parties to submit briefs supporting their respective positions. Quick argued in his trial brief, as he did in his petition, and as he argues in his brief on appeal, that because he was eventually acquitted of the capital-murder charge, he should receive additional jail credit against his burglary sentences for the entire time he spent incarcerated from his arrest on November 5, 1995, until his acquittal of capital murder on April 21, 2003. The DOC argued in its trial brief, as it had argued to the trial court at the hearing, and as it argues in its brief on appeal, that Quick is not entitled to any jail credit for the time he spent incarcerated from November 5, 1995, to his acquittal on the capital-murder charge because, it said, the incarceration was due to the capital-murder charge, not the burglary charges, and that the sentencing judge had made the correct determination as to the proper jail credit. After receiving those briefs, the circuit court issued an order granting Quick’s petition for a writ of habeas corpus.”
Quick, 23 So.3d at 64-66.
The Court of Criminal Appeals held that Quick was not entitled to receive any jail credit against his sentences for the burglary convictions for the time he spent incarcerated from his arrest on November 5, 1995, until his acquittal on the capital-murder charge on April 21, 2003, reasoning, as follows:
“Section 15-18-5, Ala.Code 1975, provides:
“ ‘Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to *70 be prescribed by the Board of Corrections.’
“ ‘[Section 15-18-5, Ala.Code 1975,] does not suggest that the offender should receive credit for the same jail time more than once.’ Prichard v. State, 441 So.2d 1052, 1053 (Ala.Crim.App.1983). Further, it is well established that ‘[a] defendant is not entitled to accumulate credit for time served while he is serving time on another conviction.’ Young-blood v. State, 437 So.2d 629, 630 (Ala.Crim.App.1983). Rather, the inmate should receive credit only where the conviction resulting in the sentence is the cause of the inmate’s pretrial confinement. See id.
“Based on the record before this Court, including the stipulated facts and the specific arguments presented below and on appeal, it is apparent that although coinciding with the burglary convictions he now seeks credit against, the cause of Quick’s pretrial confinement was the capital-murder charge. At best, Quick’s incarceration beginning on November 5, 1995, was based in part on his arrest on that date for the first-degree-burglary charge in case no. CC-96-1746, but he has presented no set of facts indicating that that charge resulted in his remaining in jail. Rather, as the State argues, Quick was held without bond on the capital-murder charge, and he could not have gained his release at anytime before his acquittal on the capital-murder charge. Thus, although the time line of events in this case differs from that in Youngblood, supra, the underlying principle is the same — the cause of Quick’s pretrial confinement was the capital-murder charge, not the burglary charges. In addition, nothing in our research supports Quick’s bare assertions that because he was acquitted of the capital-murder charge, that acquittal somehow transformed the cause of his confinement during the period in question from the capital-murder proceedings to the pending burglary proceedings. Therefore, Quick was not entitled to the relief requested in his petition, and the circuit court erred in granting Quick’s petition for a writ of habeas corpus and ordering that Quick be credited with the jail time he requested in his petition.”
Quick, 23 So.3d at 66.
The interpretation of a statute presents a question of law; consequently, our review is de novo. Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003). In our opinion, the proper interpretation of § 15-18-5 requires that Quick receive jail credit against his sentence for one of his burglary convictions for the time he spent incarcerated from his arrest on that charge on November 5, 1995, until his acquittal on the capital-murder charge on April 21, 2003. Consequently, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court with the direction that it affirm the judgment of the St. Clair Circuit Court.
Prior to the enactment of § 15-18-5, “no sentence imposed by the court [could] be modified by allowing for time spent in jail while awaiting trial.” Bailey v. State, 55 Ala.App. 339, 340, 315 So.2d 136, 137 (Ala.Crim.App.1975). However, “ § 15-18-5 [now] requires that the time spent incarcerated by a defendant before he or she is convicted must be credited toward the sentence imposed.” Fuqua v. State, 910 So.2d 141, 143 (Ala.Crim.App.2005). In other words, “the plain language of § 15-18-5 does not permit the trial court to forgo ordering that the actual time spent in jail pending trial be credited against the sentence imposed.” Id.
In order to apply § 15-18-5 in the context of Quick’s burglary conviction, we *71 must first determine the “actual time [he] spent incarcerated pending trial for [the burglary] offense.” As Quick argues, “[h]e was continuously held from November 5, 1995, when he was initially arrested for first-degree burglary, until October 24, 2003, when he pleaded guilty to the three burglary counts and was sentenced.” Quick’s brief, at 8-9. Thus, we agree with Quick that he “was undoubtedly ‘incarcerated pending trial’ for the burglary offenses within the meaning of [§ 15-18-5] during those years.” Quick’s brief, at 9. Consequently, he is entitled to a credit for all that time of incarceration, not just part of it.
We have not ignored the cases cited by the Court of Criminal Appeals and relied upon by the State. Instead, those cases are simply inapposite. It is true that the Court of Criminal Appeals, in Prichard v. State, 441 So.2d 1052, 1053 (Ala.Crim.App.1983), stated that § 15-18-5 “does not suggest that the offender should receive credit for the same jail time more than once.” However, Quick, who was sentenced for three burglary convictions, is seeking credit against only one of the sentences.
In Youngblood v. State, 437 So.2d 629 (Ala.Crim.App.1983), “Youngblood argue[d] that he [was] entitled to credit on his sentence for the time he spent in jail awaiting trial.” Youngblood, 437 So.2d at 630. Although the Court of Criminal Appeals noted that the issue had not been preserved for review, the court explained why Youngblood was not entitled to any credit:
“Alabama Code Section 15-18-5 (1975) provides that a convict should be credited with all time spent in jail in connection with the offense for which he has been sentenced.
“ ‘Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the board of corrections.’
“Here, there is simply no showing that Youngblood spent any time incarcerated pending trial for such offense for the reason that he was already serving a life sentence.
“Youngblood is not entitled to any credit on his twenty-year sentence because the conviction resulting in that sentence was not the cause of his pretrial confinement.
“ ‘Even under statutes providing that time spent in jail prior to conviction may be credited toward the term of imprisonment imposed on conviction, a period of confinement under conviction of one crime may not be deducted from the term of a sentence imposed on conviction of another crime.’
“24B C.J.S. Criminal Law, Section 1995(4) (1962).”
Youngblood, 437 So.2d at 630.
Unlike Youngblood, Quick’s incarceration pending trial did not involve any confinement under a conviction of another crime. In other words, the time that he was incarcerated pending trial did not fulfill any portion of a prior sentence. The dicta in Youngblood does not support the Court of Criminal Appeals’ decision in this case.
Quick was held without bond on the capital-murder charge. Thus, according to the Court of Criminal Appeals, the capital-murder charge was, while that charge was pending, the sole cause of Quick’s pretrial incarceration. Consequently, according to that court, Quick’s petition for a writ of habeas corpus was due to be denied.
*72 “However, in this case, Quick was serving time pending the trials of both the capital-murder charge and the burglary-charges, and when he was ultimately acquitted of the capital-murder charge, the time he spent in jail awaiting trial should have been applied to one of his remaining burglary convictions, regardless of whether he would have been able to make bond on a pending burglary charge.”
Quick, 23 So.3d at 67 (Welch, J., dissenting).
For the foregoing reasons, the decision of the Court of Criminal Appeals is reversed, and the ease is remanded for that court to affirm the judgment of the trial court.
REVERSED AND REMANDED WITH DIRECTIONS. 
COBB, C.J., and SMITH, PARKER, and MURDOCK, JJ., concur.
LYONS, J., concurs specially.
STUART and BOLIN, JJ., dissent.
SHAW, J., recuses himself.**