STUART, Justice.
Jesse Hughes d/b/a RBM Transport Company (“Hughes”), the defendant in a breach-of-contract action filed by Lee Lumber Company, LLC, petitions this Court for a writ of mandamus directing the Bibb Circuit Court to transfer this action to the Pickens Circuit Court pursuant to § 6 — 3—2(a)(2), Ala.Code 1975, which provides, in relevant part, that “[a]ll actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant ... resides if such defendant has within the state a permanent residence.” We grant the petition and issue the writ.
I.
In June and July 2008, Hughes entered into two contracts with Lee Lumber to lease and then to purchase three trucks and three trailers to use to transport timber. Hughes thereafter used the vehicles to transport timber on behalf of Lee Lumber; however, at some point, Hughes apparently fell behind on his payments for the trucks and trailers, and Lee Lumber stopped paying Hughes’s invoices for the timber. On September 9, 2009, Lee Lumber sued Hughes in the Bibb Circuit Court, seeking damages of $24,600 as of that date. On September 28, 2009, Hughes moved the trial court to transfer the action to the Pickens Circuit Court pursuant to § 6-3-2(a)(2) because, he alleged, he resides in Pickens County. On December 11, 2009, Lee Lumber filed a response to Hughes’s motion to transfer, arguing that Hughes was the owner of an unincorporated business, RBM Transport Company, that did business with Lee Lumber in Bibb County and that venue in Bibb County was therefore proper under § 6-8-6, Ala.Code 1975, which provides that an “[a]ction against an unincorporated organization or association may be commenced in any county where such organization or association does business or has in existence a branch or local organization.”
On December 18, 2009, the trial court conducted a hearing on the motion to transfer, at which Hughes provided the following testimony:
“Q. All right. And, Mr. Hughes, you’re the defendant in this lawsuit that’s been brought by Lee Lumber?
“A: Yes, sir.
“Q: And you’ve been sued individually?
“A: Yes, sir.
“Q: Are you self-employed?
“A: Yes, sir.
“Q: And your business trade name— what’s your business trade name?
“A: RBM Transport Company.
“Q: That’s—
“A: D/b/a
“Q: That’s not a partnership—
“A: No.
“Q: —or a corporation or anything like that?
“A: No, sir.
“Q: And you live in Pickens County?
“A: Yes, sir.”
On February 10, 2010, the trial court denied the motion to transfer. On February 26, 2010, Hughes petitioned the Court of Civil Appeals for a writ of mandamus directing the trial court to transfer the action to the Pickens Circuit Court; however, that court denied Hughes’s petition without an opinion on March 9, 2010. On March 15, 2010, Hughes filed a petition seeking the same mandamus relief in this Court. On April 7, 2010, we ordered the *1018 parties to submit answers and briefs, and, upon their receipt, the case was submitted for review.
II.
“A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).”
Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005). We must therefore determine whether Hughes has established a clear legal right to have this action transferred to the Pickens Circuit Court pursuant to § 6-3-2(a)(2). That question in turn hinges on our interpretation of §§ 6-3-2(a)(2) and 6-3-6. “The interpretation of [statutes] presents a question of law; consequently, our review is de novo.” Ex parte Quick, 23 So.3d 67, 70 (Ala.2009) (citing Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003)).
III.
Hughes testified at the hearing on his motion to transfer that he operated RBM Transport as an unincorporated entity. Hughes testified that he had no partners in the endeavor, and it appears that RBM Transport had no distinct legal existence other than its operation by Hughes. For legal purposes, RBM Transport Company must therefore be considered a sole proprietorship. See Black’s Law Dictionary 1427 (8th ed. 2004) (defining “sole proprietorship” as “[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity”). In Carolina Casualty Insurance Co. v. Williams, 945 So.2d 1030, 1035 (Ala.2006), this Court recognized that “Alabama law makes no distinction between an individual and a sole proprietorship operated by the individual. They are considered the same for legal purposes.” (Citing Clardy v. Sanders, 551 So.2d 1057, 1059-60 (Ala.1989).) Accordingly, whether “Jesse Hughes d/b/a RBM Transport Company” is characterized as an individual or a sole proprietorship the end result is the same — Lee Lumber’s breach-of-contract action must be viewed as one against an individual, and venue is accordingly governed by § 6-3-2(a), which by its terms applies to “proceedings of a legal nature against individuals ” (emphasis added).[1]
Moreover, we note that in order to bring the defendant within the scope of § 6-3-6, RBM Transport Company would have to be considered “an unincorporated organization or association.” However, both the term “organization” and the term “association” imply that there are multiple individuals involved in the endeavor, yet there is no evidence in the materials before this Court indicating that anybody other than Hughes is involved in RBM Transport Company. See Black’s Law Dictionary *1019 1133, 132 (8th ed. 2004) (defining organization as “[a] body of persons (such as a union or corporation) formed for a common purpose” and defining association as “[a] gathering of people for a common purpose; the persons so joined [or] [a]n unincorporated organization that is not a legal entity separate from the persons who compose it.” (emphasis added)).
IV.
Hughes moved the trial court to transfer this action to the Pickens Circuit Court based on his residency in Pickens County, but that motion was denied by the trial court. However, because Hughes is the only defendant in this breach-of-contract action, venue in Pickens County is proper pursuant to § 6-3-2(a)(2), and the trial court accordingly exceeded its discretion in failing to grant Hughes’s motion and transfer the case. Hughes’s petition is therefore granted, and the trial court is directed to vacate its previous order denying the motion to transfer and to enter an order granting the motion and transferring the case to the Pickens Circuit Court.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.

. In Ex parte Macon County Greyhound Park, Inc., 634 So.2d 997, 999 (Ala.1993), dais Court stated in passing that § 6-3-6 would apply in an action where one of the defendants was an unincorporated business owned by an individual. However, this statement was made only after the Court had already decided the proper venue for the action based on § 6-3-7, Ala.Code 1975; accordingly, the statement in Ex parte Macon County Greyhound Park was dicta and not precedent to be followed by this Court.