JOINER, Judge.[1]
Steven Lyle Lay appeals the circuit court’s summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. The petition challenged his 2001 convictions for two counts of third-degree robbery, violations of § 13A-8-43, Ala.Code 1975, and one count of unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala. Code 1975, and the resulting concurrent sentences, as an habitual offender, of life imprisonment for each of the robbery convictions and 15 years’ imprisonment for the possession-of-a-controlled-substance conviction. The convictions resulted from guilty pleas entered by Lay pursuant to plea agreements with the State, in which Lay agreed to waive all jail credit in exchange for the State’s reducing the charges against him from first-degree robbery to third-degree robbery. See § 15-18-5, Ala.Code 1975.[2] Lay did not file a direct appeal of his convictions and sentences. Lay filed two previous petitions for postconviction relief.[3]
*11 Lay’s present Rule 32 petition, his third, was deemed filed on July 30, 2009. Lay filed the standard Rule 32 form found in the appendix to Rule 32 and attached a supplement setting out his detailed claim. In his supplement to the petition, Lay claimed that his plea agreements were illegal and therefore void. Lay specifically argued that credit for time incarcerated pending trial under § 15-18-5, Ala.Code 1975, is mandatory and cannot be waived as part of a plea agreement.
On August 31, 2009, the State responded and moved to dismiss Lay’s Rule 32 petition, arguing that pursuant to Rule 32.7(d), Ala. R.Crim. P., Lay was not entitled to relief because he failed to state a claim. The State, in its response, however, also appeared to address the substantive merits of the claim by providing examples of constitutional, statutory, and procedural rights that can and cannot be waived and alleged that “the negotiated plea agreement between the petitioner, the trial counsel and the state prosecutor to waive jail credit was not illegal; did not violate public policy; and the sentencing court had jurisdiction to accept the plea and impose sentence.” (C. 27.) (footnote omitted).[4] Lay filed a motion on September 3, 2009, requesting an evidentiary hearing. That same day, the circuit court issued an order dismissing Lay’s postconviction petition on the ground that it failed to state a claim upon which relief could be granted.
On appeal, Lay reiterates his claim that the circuit court was without jurisdiction to accept his guilty pleas, to render judgments, or to impose sentences because, he says, pursuant to § 15-18-5, Ala. Code, the circuit court was required to credit him for pretrial confinement, even though he agreed to forfeit jail credit pursuant to his plea agreements with the State. The State responds that Lay’s claim was not jurisdictional because, it says, jail credit does not implicate the jurisdiction of the court and it can be waived pursuant to a negotiated plea agreement.[5]
A circuit court may summarily dismiss a petitioner’s Rule 32 petition pursuant to Rule 32.7(d), Ala. R.Crim. P.,
“[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.”
“ ‘[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, the court’s review in a Rule 32 proceeding is de novo. Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).’” Ex parte Clemons, 55 So.3d 348, 350 (Ala.2007). “The interpretation of a statute presents a question of law; consequently, our review is de novo. Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003).” Ex parte Quick, 23 So.3d 67, 70 (Ala.2009).
*12 Lay’s claim presents a question of first impression in Alabama: whether a criminal defendant may waive jail credit imposed pursuant to § 15-18-5, Ala.Code 1975, as a part of a plea agreement. For the reasons stated below, we conclude that a criminal defendant may waive jail credit as part of a negotiated plea agreement. Thus, the denial of Lay’s petition was proper.[6]
In Alabama, there is no constitutional right to jail credit for pretrial confinement. Entitlement to jail credit is purely a statutory right. Section 15-18-5, Ala.Code 1975, provides:
“Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.”[7]
See also Rule 26.9(b)(2), Ala. R.Crim. P. (providing that the trial court “[s]hall state that a credit will be allowed on the sentence, as provided by law, for time during which the defendant has been incarcerated on the present charge”). The standard to uphold a waiver of a statutory right is a lesser standard than the standard required to uphold a waiver of a constitutional right. See Ex parte Dunn, 514 So.2d 1300 (Ala.1987); Watson v. State, 808 So.2d 77 (Ala.Crim.App.2001); Turner v. State, 924 So.2d 737, 782 (Ala.Crim.App.2002). See also Belisle v. State, 11 So.3d 256, 317 (Ala.Crim.App.2007).
“Applying well-settled rules, [the Alabama Supreme] Court has stated that if the language of a statute is clear then there is no room for judicial construction of the statute and the clearly expressed intent of the legislature must be given effect. Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687 (Ala.1991).”
Ex parte Nixon, 729 So.2d 277, 278 (Ala. 1998). In the absence of clear legislative intent to the contrary, the word “shall” is to be afforded a mandatory connotation when it appears in a statute. Ex parte Brasher, 555 So.2d 192, 195 (Ala.1989) (citing Prince v. Hunter, 388 So.2d 546, 548 (Ala.1980)). See Pierson v. State, 677 So.2d 246 (Ala.1995). It does not follow, however, that the use of the word “shall” always signals, in all postures, that the legislature intended for noncompliance with a mandatory provision to be fatal. See, e.g., Ex parte Nixon, 729 So.2d at 278 (holding that, although the provision of Administrative Procedure Act declaring that a final order “shall” be rendered within 30 days of the hearing is mandatory, a violation of that provision does not deprive the hearing officer of jurisdiction).
We recognize that both the Alabama Supreme Court and this Court have held, in cases where a writ of habeas corpus has been filed challenging the calculation of an inmate’s term of imprisonment, that the plain language of § 15-18-5 requires that the actual time an accused spent in pretrial confinement must be credited toward the sentence imposed. See Ex parte Quick, 23 So.3d at 70; Fuqua v. State, 910 So.2d 141, *13 143 (Ala.Crim.App.2005). This Court has also held that no objection in the trial court is necessary to preserve for review an issue regarding credit for time spent incarcerated before probation is revoked. Mumpfield v. State, 872 So.2d 205 (Ala.Crim.App.2003). Our research, however, has revealed no Alabama case addressing whether the statutory right to credit for time spent in pretrial incarceration may be waived as part of a negotiated plea agreement, and Lay cites no authority in support of his contention.
We conclude that, because many other constitutional, statutory, and procedural protections — even some that contain mandatory language — have been found to be waivable, a criminal defendant can waive his right to credit for time spent in incarceration pending trial pursuant to a negotiated plea agreement. For instance, in United States v. Mezzanatto, 513 U.S. 196, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995), the United States Supreme Court, in holding that a criminal defendant had waived the protections of Rule 11(e)(6), Fed.R.Crim.P. (now Rule 11(f)),[8] recognized that a criminal defendant could waive beneficial provisions of federal statutes, procedural and evidentiary rules, and even fundamental constitutional protections:
“Rather than deeming waiver presumptively unavailable absent some sort of express enabling clause, we instead have adhered to the opposite presumption. See Shutte v. Thompson, 15 Wall. 151, 159, 21 L.Ed. 123 (1873) (‘A party may waive any provision, either of a contract or of a statute, intended for his benefit’); Peretz v. United States, 501 U.S. 923, 936, 111 S.Ct. 2661, 2669, 115 L.Ed.2d 808 (1991) (‘The most basic rights of criminal defendants are ... subject to waiver’). A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution. See, e.g., Ricketts v. Adamson, 483 U.S. 1, 10, 107 S.Ct. 2680, 2685-2686, 97 L.Ed.2d 1 (1987) (double jeopardy defense waivable by pre-trial agreement); Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (knowing and voluntary guilty plea waives privilege against compulsory self-incrimination, right to jury trial, and right to confront one’s accusers); Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (Sixth Amendment right to counsel may be waived). Likewise, absent some affirmative indication of Congress’ intent to *14 preclude waiver, we have presumed that statutory provisions are subject to waiver by voluntary agreement of the parties. See, e.g., Evans v. Jeff D., 475 U.S. 717, 730-732, 106 S.Ct. 1531, 1538-1540, 89 L.Ed.2d 747 (1986) (prevailing party in civil-rights action may waive its statutory eligibility for attorney’s fees).”
Alabama law also recognizes that a criminal defendant may waive many constitutional, statutory, and procedural rights. See G.E.G. v. State, 54 So.3d 949, 955 (Ala.2010) (“By pleading guilty, a defendant waives three constitutional rights: the right against self-incrimination, the right to trial by jury, and the right to confront his accusers.” Heptinstall v. State, 624 So.2d 1111, 1112 (Ala.Crim.App.1993) (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969))). Likewise, a defendant’s decision to plead guilty also waives nonjurisdictional constitutional rights, such as claims involving (1) an illegal search and seizure, (2) a coerced confession, (3) an improper grand-jury selection, and (4) the denial of a speedy trial. Gordon v. Nagle, 647 So.2d 91, 94 (Ala.1994); Boykin, supra. Additionally, a defendant can waive his right to testify on his own behalf, but that right must be waived by the defendant, not defense counsel. Ex parte McWilliams, 640 So.2d 1015, 1021 (Ala.1993); Reeves v. State, 974 So.2d 314, 325 (Ala.Crim.App.2007).
Further, a criminal defendant waives his statutory right to appeal when he enters a guilty plea. Watson v. State, 808 So.2d 77 (Ala.Crim.App.2001); See § 12-22-130, Ala.Code 1975.[9] In a capital case, a defendant may also waive his right to have the sentencing hearing conducted before the jury. Belisle, supra, Turner, supra, see § 13A-5-46, Ala.Code 1975.[10]
In addition, a criminal defendant may waive the right to be represented by counsel. Tomlin v. State, 601 So.2d 124, 128 (Ala.1991) (citing Faretta v. California, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)) (recognizing the right to self-representation); Rule 6.1(b), Ala. R.Crim. P.[11] A criminal defendant may also waive his right to arraignment, to be present, and to a jury trial. See Hargett v. State, 813 So.2d 948, 949 (Ala.Crim.App.2001) (arraignment); Rule 14.1(a) and (b), Ala. R.Crim. P.,[12] and Simpson v. State, 874 *15 So.2d 575, 578 (Ala.Crim.App.2003) (citing Taylor v. United States, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973)) (right to be present); and Rule 9.1(b), Ala. R.Crim. P.,[13] and Arrington v. State, 773 So.2d 500, 502 (Ala.Crim.App.2000) (right to jury trial); Rule 18.1(b)(1), Ala. R.Crim. P.[14]
Although the appellate courts of Alabama have not previously been presented with exactly this question, other states addressing the issue whether credit for jail time can be waived have drawn essentially the same conclusion that we draw in this case. See, e.g., Ray v. State, 256 Ark. 695, 509 S.W.2d 830 (1974) (holding that by agreeing to the entry of a guilty plea for a specified sentence, the postconviction petitioner necessarily waived any right to assert a claim for a lesser sentence including a credit for jail time spent in the county jail before the imposition of his sentence); People v. Johnson, 28 Cal.4th 1050, 1054-55, 123 Cal.Rptr.2d 700, 704, 51 P.3d 913, 916 (2002) (holding that a defendant may waive entitlement to credit for jail time against an ultimate jail or prison sentence for past and future days in custody); People v. Johnson, 82 Cal.App.3d 183, 188, 147 Cal.Rptr. 55, 58 (1978) (providing that, notwithstanding the mandatory language of jail-credit statute, a defendant can agree to waive presentence credits as a condition of a plea bargain); § 921.161(1), Fla. Stat. (2007) (stating that “the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence”); Canada v. State, 1 So.3d 338, 339 (Fla.Dist.Ct.App.2009) (holding that “ ‘although a defendant can waive jail credit as a condition of a plea, the waiver must be knowing and affirmatively appear as a condition of the plea agreement’” (quoting Hill v. State; 985 So.2d 1216, 1217 (Fla.Dist.Ct.App.2008))); People v. Caballero, 228 Ill.2d 79, 87-88, 319 Ill.Dec. 364, 885 N.E.2d 1044, 1048-49 (2008) (citing cases that hold that a claim for sentencing credit involves a statutory right and is not cognizable in a postconviction proceeding); Propes v. Commonwealth, 257 S.W.3d 119, 120 (Ky.Ct.App.2008) (holding that the defendant’s negotiated plea of guilty waived the operation of the statute providing credit for time spent in custody before the commencement of a sentence); In re Turley, 496 S.W.2d 865, 866-67 (Mo.Ct.App.1973) (recognizing that the statute for allowance of jail time credit was mandatory but could be waived); Commonwealth v. Byrne, 833 A.2d 729, 734 (Pa.Super.Ct.2003) (upholding, in postconviction review, a waiver when the defendant “knowingly, voluntarily, and intelligently waived his right to credit for time served” and case did not involve “a defendant’s express acquiescence and agreement to the imposition of the ... sentence”); Collins v. State, 240 *16 S.W.3d 925, 929 (Tex.Crim.App.2007) (holding that a defendant may affirmatively waive his right to presentence jail-time credit by entering into a plea bargain with the state if the record supports the occurrence of a waiver (citing Ex parte Olivares, 202 S.W.3d 771 (Tex.Crim.App.2006))). But see § 40-23-101(c), Tenn. Code Ann. (2006);[15] State v. Filauro, (No. M2002-02186-CCA-R3-CD, Apr. 16, 2004) (Tenn.Crim.App.) (unpublished opinion) (holding that the statutory grant of pretrial jail credit is mandatory and sentence based on waiver of jail credits pursuant to a negotiated plea agreement was an illegal sentence).
Based on the foregoing, we conclude that a defendant may, as part of a negotiated plea agreement, waive his or her right to credit for time spent incarcerated awaiting trial under § 15-18-5, Ala.Code 1975. The judgment of the circuit court denying Lay’s Rule 32 petition is due to be affirmed.
AFFIRMED.
WELCH, P.J., and KELLUM and BURKE, JJ., concur. WINDOM, J., concurs in the result.

. This case was originally assigned to another member of this Court. It was reassigned to Judge Joiner on March 1, 2011.

. This Court may take judicial notice of its records. See Nettles v. State, 731 So.2d 626, 629 (Ala.Crim.App.1998); Hull v. State, 607 So.2d 369, 371 n. 1 (Ala.Crim.App.1992). The record shows that the State presented plea offers that were knowingly,, voluntarily, and intelligently accepted by Lay. " ‘The heart of a plea bargain, from a defendant's point of view, is the option of avoiding a possibly harsher sentence after conviction at trial.' ” Maddox v. State, 502 So.2d 790, 794 (Ala.Crim.App.1986) (quoting Hitchcock v. Wainwright, 770 F.2d 1514, 1519 (11th Cir.1985)). In this case, admittedly, the State conferred a substantial benefit upon Lay by allowing him to plead guilty to the lesser included offenses of third-degree robbery and thereby reducing the sentences he faced. In return, Lay agreed to waive any right to pretrial jail credit against his sentences.

.This Court affirmed by unpublished memorandum the denial of Lay's first Rule 32 petition on January 24, 2003. See Lay v. State, *11 (No. CR-01-2518) 876 So.2d 1194 (Ala.Crim.App.2003) (table). Lay filed a second Rule 32 petition on November 19, 2003, which the circuit court summarily dismissed. This Court affirmed by unpublished memorandum the denial of Lay's second postconviction petition on May 21, 2004. See Lay v. State, (No. CR-03-0594) 919 So.2d 1241 (Ala.Crim.App.2004) (table).

. The State attached the transcript of the August 13, 2001, plea hearing to its response.

. After this case was originally submitted on briefs, this Court appointed counsel for Lay and ordered Lay’s counsel and the State to file supplemental briefs. After this case was reassigned on March 1, 2011, it was set for oral argument. This case was orally argued on August 17, 2011.

. In light of our holding that Lay's claim fails as a matter of law, we pretermit discussion of the issue whether Lay’s claim was jurisdictional.

. Prior to the enactment of § 15-18-5, Ala. Code 1975, Alabama law did not provide for credit for pretrial incarceration. Instead, Alabama law "provided that time spent incarcerated by the defendant before conviction did not count as a credit toward the sentence imposed.” Committee Comments to Rule 26.9, Ala. R.Crim. P.

. Rule 11(f), Fed.R.Crim.P., provides:
"(f) Admissibility or Inadmissibility of a Plea, Plea Discussions, and Related Statements. The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410.”
Rule 410, Federal Rules of Evidence, states: "Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
"(1) a plea of guilty which was later withdrawn;
"(2) a plea of nolo contendere;
"(3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or
"(4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.
"However, such a statement is admissible (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record and in the presence of counsel.”

. Section 12-22-130 states: "A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court."

. Section 13A-5-46(a) provides:
"(a) Unless both parties with the consent of the court waive the right to have the sentence hearing conducted before a jury as provided in Section 13A-5-44(c), it shall be conducted before a jury which shall return an advisory verdict....”

. Rule 6.1 (b) states:
"(b) Waiver of Right to Counsel. A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right."

.Rule 14.1(a) and (b) provides:
"(a) In General. Except as provided in section (b), no defendant shall be tried for the commission of any misdemeanor or felony offense until he has been arraigned in open court.
"(b) Exceptions. An arraignment need not be held in any case where a defendant represented by counsel has filed with the court a written waiver of arraignment and plea of not guilty, not guilty by reason of mental disease or defect, or not guilty and not guilty by reason of mental disease or defect, signed by the defendant and counsel, stating the age and birth date of the defendant, and acknowledging receipt by the defendant of a copy of the charge against him, with a copy of his plea and *15 waiver of arraignment served on the prosecutor by the defense counsel.”

. Rule 9.1(b) provides for waiver and states, in pertinent part:
“[A] defendant may waive the right to be present at any proceeding in the following manner:
"(i) With the consent of the court, by an understanding and voluntary waiver in open court or by a written consent executed by the defendant and by the defendant's attorney of record, filed in the case.
"(ii) By the defendant’s absence from any proceeding, upon the court’s finding that such absence was voluntary and constitutes an understanding and voluntary waiver of the right to be present, and that the defendant had notice of the time and place of the proceeding and was informed of the right to be present.”

. Rule 18.1(b)(1) states, in part:
"(b) Waiver of Trial by Jury. In all cases, the defendant may waive his right to trial by jury, with the consent of the prosecutor and the court....”

. Section 40-23-101(c), Tenn.Code. Ann. (2006), provides:
"The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial.”